## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TONY A. WILSON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 15-1087-LPS |
| | : | |
| KYLE T. FURNAS, et al., | : | |
| | : | |
| Defendants. | : | |

Tony A. Wilson, Milford, Delaware, Pro Se Plaintiff.

Charles M. Oberly III, United States Attorney, and Patricia C. Hannigan, Assistant United States Attorney, Wilmington, Delaware.  Counsel for Defendant the United States of America.

## MEMORANDUM OPINION

September 23, 2016
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I.   INTRODUCTION

Plaintiff Tony A. Wilson ("Plaintiff"), who proceeds *pro se*, filed this defamation action in the Superior Court of the State of Delaware in and for Sussex County. The matter was removed on November 24, 2015. (D.I. 1) The Court has jurisdiction by reason of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* Presently before the Court are Defendant's motion to dismiss and numerous other motions filed by Plaintiff, including motions for leave to amend. (D.I. 6, 12, 14, 17, 19, 20, 24)

## II.   BACKGROUND

The complaint alleges defamation beginning in July 2015 by Defendants Gregory P. Sinners ("Sinners"), an Internal Revenue Service employee, and Kyle T. Furnas ("Furnas") and Robert L. Brown ("Brown"), both of whom are employed by Frontline Security Services.[1] (D.I. 1 at Attach. 1, D.I. 10) After the matter was removed from State Court, this Court granted a motion to substitute the United States ("Defendant") as a defendant in place of Sinners. (*See* D.I. 4, 5) Attached to the motion to substitute is the certification of United States Attorney Charles M. Oberly, III ("Oberly"), stating that he read the complaint and, on the basis of information available with respect to the allegations therein, he found that Sinners was acting within the scope of his employment as an employee of the United States at the time of incidents alleged in the complaint. (D.I. 4 at Ex. 2) Thereafter, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, which is opposed by Plaintiff. (*See* D.I. 6, 7, 9)

---

[1]The court docket does not indicate that Furnas or Brown have been served. In addition, the State court docket indicates that attempts to serve these defendants were not successful. *See Wilson v. Sinners*, C.A. No. S15C-11-004 (Del. Super. Dec. 10, 2015) at BL-7.

Plaintiff has filed an amended complaint reflecting the United States is a defendant. (D.I. 10) In addition, he has filed numerous amended complaints without seeking leave of court, all of which were docketed as motions to amend. (*See* D.I. 12, 14, 17, 20, 24)

## III.   MOTION TO DISMISS

### A.   Legal Standards

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits the dismissal of an action for "lack of subject matter jurisdiction." A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. *See Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 357-58 (3d Cir. 2014). "In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* at 358 (quoting *In re Schering Plough Corp. v. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)). In reviewing a factual attack, the court may consider evidence outside the pleadings. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Defendant's motion presents a factual attack upon subject matter jurisdiction as it argues that this Court lacks jurisdiction over the claims due to Plaintiff's failure to exhaust his administrative remedies and because the FTCA specifically bars defamation claims. In reviewing a factual challenge, the Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case," even where disputed material facts exist. *Id.* at 891. In a factual challenge, the plaintiff has the burden of persuasion to show that jurisdiction exists. *Id.*

### B.   Discussion

Defendant moves for dismissal of the complaint on the grounds that Plaintiff failed to exhaust his administrative remedies as is required under the FTCA, and that, even if fully exhausted, the FTCA specifically bars defamation actions. (*See* D.I. 6) Defendant provides evidence (in the

2

form of a declaration) that there is no record of an administrative claim presented by, or on behalf of, Plaintiff alleging defamation. (*See id.* at Ex. 1) There is an administrative claim received from, or on behalf of, Plaintiff on an unsigned Standard Form 95 (claim for injury, damage or death) sent by email from Plaintiff to his immediate manager on December 4, 2014 – Claim No. 16-018 – that alleges intentional infliction of emotional distress for an incident that occurred on June 2, 2014, and that seeks $1,000,000. (*See id.*) As of December 9, 2015, no formal administrative determination had been made on that claim. (*See id.*)

Plaintiff opposes the motion on the grounds that Sinners' actions were not taken during the course and scope of his employment and, therefore, do not fall within the ambit of the FTCA. In addition, he challenges Oberly's certification that Sinners was acting within the scope of his employment during the relevant time-frame and contends that the certification "does not state the basis for his [] conclusion." (D.I. 9 at 2) Plaintiff seeks discovery on the issue.

### 1.    Scope of Employment

Certification by the United States Attorney General or United States Attorney "is *prima facie* evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive." *Brumfield v. Sanders*, 232 F.3d 376, 379 (3d Cir. 2000) (citing *Schrob v. Catterson*, 967 F.2d 929, 936 (3d Cir. 1992)). "If the matter is disputed, the burden then shifts to the plaintiff, who must come forward with specific facts rebutting the certification." *Schrob*, 967 F.2d at 935; *see also Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 422 (1995) ("Ordinarily, scope-of- employment certifications occasion no contest.").

The Court has carefully reviewed the allegations in the complaint and amended complaint (D.I. 1 at Attach. 1, D.I. 10), Oberly's certification, and Plaintiff's objection, and turns first to Plaintiff's contention that discovery is needed to determine whether Sinners acted within the scope

3

of his employment. Oberly's certification that Sinner was acting within the scope of his employment at the time of the alleged acts is based upon the information available to Oberly with respect to the allegations in the complaint. (*Compare* certification in *Brumfield*, 232 F.3d at 380 with Oberly's certification at D.I. 4 at Ex. 2) There is no indication that Oberly's certification is based upon a different understanding of the facts than reflected in the complaint. Nor does Plaintiff contend that Oberly misunderstood the allegations in the complaint. *See Brumfield*, 232 F.3d at 380. Accordingly, the Court finds that, contrary to Plaintiff's position, additional discovery is not warranted.

The Court next turns to Plaintiff's position that Defendant should not have been substituted for Sinners because Sinners' actions were not taken during the course and scope of his employment. The "scope of employment" determination is based on Delaware law. *See* 28 U.S.C. § 1346(b); *see also Schrob*, 967 F.2d at 934 ("The scope of employment determination is made in accordance with the law of the place where the act or omission occurred."). The term "scope of employment" is somewhat amorphous, and Delaware courts often look to the Restatement of Agency for guidance in defining and applying that term. *See Tell v. Roman Catholic Bishops of Diocese of Allentown*, 2010 WL 1691199, at *10 (Del. Super. Apr. 26, 2010).

Section 228 of Restatement (Second) of Agency provides in relevant part, "conduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master . . . ." *Smyre v. Amaral*, 2013 WL 3306141, at *8 (D. Del. June 28, 2013).

In applying § 228, the Court finds that Sinners' meets the criteria it sets forth: (1) the duties Sinners performed were clearly the kind he was employed to perform as an Internal Revenue Service ("IRS") employee; (b) the conduct of which Plaintiff complains took place during Sinners'

employment as an IRS employee and supervisor; and (c) Sinners' conduct as an IRS employee and

supervisor was motivated to further the goals of the United States – when he (i) performed

Plaintiff's annual evaluation (including investigating Plaintiff's federal tax returns), (ii) reviewed

Plaintiff's application for a hardship transfer, (iii) investigated whether Plaintiff had received

approval to perform outside employment at his law practice, and (iv) whether Plaintiff was licensed

to practice law in Pennsylvania. (*See* D.I. 1 at Attach. 1 at ¶¶ 18, 25, 29, 35, 36, 37, 42, D.I. 10 at

¶¶ 12, 19, 23, 29, 30, 31, 36)

The complaint alleges that Sinners defamed Plaintiff by stating that Plaintiff remained under

investigation for under-reporting his income on his federal income tax returns and for allegedly not

reporting that he was a licensed attorney representing a family member. (*See* D.I. 1 at Attach. 1 at

¶¶ 42, 46, D.I. 10 at ¶¶ 10, 36, 39) The complaint also alleges Plaintiff was defamed by Sinners

when Sinners told other IRS employees that Plaintiff was a threat to Sinners' physical safety and the

physical safety of other persons at the IRS and that Plaintiff engaged in actions in a manner that

implicates assault and battery. (D.I. 1 at Attach. 1 at ¶¶ 36, 49, 57, D.I. 10 at ¶¶ 30, 42, 50) The

Court notes that, according to the Restatement, which Delaware courts look to, "[i]t may be found

to be within the scope of employment of a person . . . to accuse another of wrongful conduct or

report to others the supposed wrongful conduct of [another] employee. . . . A servant having a duty

to make such reports . . . to his employer . . . may subject his employer to liability for his untruthful

statements." *Brumfield*, 232 F.3d at 381 (quoting Restatement (Second) of Agency § 247 cmt. and

affirming district court's finding that employee's defamatory comments about coworker were within

scope of employment).

Based upon the foregoing, the Court finds that Sinners' alleged actions were within the

scope of his employment with the IRS.

### 2. Administrative Remedies

The FTCA provides that the United States shall be liable, to the same extent as a private individual, "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also* 28 U.S.C. § 2674. As a prerequisite to suit under the FTCA, a claim must first be presented to the federal agency and be denied by the agency, or be deemed to be denied. *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.").

A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain. *See* 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. *See* 28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States, . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (internal citation omitted); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Full administrative exhaustion is a jurisdictional prerequisite. Accordingly, where an FTCA lawsuit is filed before the exhaustion process is completed, the court is compelled to dismiss that

action. *See Miller v. United States*, 517 F. App'x 62, 63 (3d Cir. Apr. 8, 2013); *Roma*, 344 F.3d at 362.

Moreover, "[a p]laintiff carries the burden of proof to establish presentment of h[is] claim [to the

appropriate Federal Agency]." *Medina v. City of Philadelphia*, 219 F. App'x 169, 172 (3d Cir. Jan. 5,

2007). In order to satisfy this burden, "a plaintiff must demonstrate that the appropriate federal

agency actually received the claim." *Id.* (citations omitted). Presenting a claim requires more than

merely mailing the claim. *See Lightfoot v. United States*, 564 F.3d 625, 628 (3d Cir. 2009).

Here, Defendant submitted the declaration of the IRS claims manager who maintains a

database which lists all administrative claims presented to the IRS under the FTCA from October 1,

1995 forward. (D.I. 6 at Ex. 1)  The only administrative claim filed by Plaintiff alleges intentional

infliction of emotional distress, and it remains pending.  (*Id.*)  There is no record of an administrative

claim alleging defamation.

Accordingly, the Court determines that Plaintiff has failed to meet his burden of establishing

subject matter jurisdiction as to the FTCA claim and, therefore, will grant Defendant's motion to

dismiss for lack of subject matter jurisdiction.  (D.I. 6)

### 3.    Immunity from Suit

In addition, under the FTCA, once the United States is substituted for a federal employee in

a lawsuit, the suit "shall proceed in the same manner as any action against the United States filed

pursuant to [the FTCA] and shall be subject to the limitations and exceptions applicable to those

actions." 28 U.S.C. § 2679(d)(4). Claims "arising out of . . . libel, slander, misrepresentation [or]

deceit" are excepted from the "United State's general waiver of sovereign immunity." *Id.* § 2680(h).

Because the allegedly defamatory conduct occurred within the scope of Sinners' federal

employment, Plaintiff is barred from bringing a defamation suit against Defendant. *See Brumfield*,

232 F.3d at 382 (holding that, under section 2680(h), "defamation suits against the United States are

prohibited"). Therefore, the Court will grant Defendant's motion to dismiss.  (D.I. 6)

7

## IV.    AMENDMENT

Subsequent to the filing of the amended complaint (D.I. 10), Plaintiff filed numerous amended complaints without seeking leave to amend; all were docketed as motions for leave to amend.  While not clear, it appears that Plaintiff filed the initial motion to amend (D.I. 12) in response to a notice of suit rights he received following a charge of discrimination he filed with the EEOC. (*See* D.I. 12 at ¶ 63)  The proposed second amended complaint has 22 defendants (compared to three in the original complaint (D.I. 1 at Attach. 1) and amended complaint (D.I. 10)), 728 paragraphs (compared to the 70 to 77 paragraphs in the original complaint (D.I. 1 at Attach. 1) and amended complaint (D.I. 10)), and consists of 183 pages.  It also contains numerous claims other than the defamation claim alleged in the original and amended complaint.  A similarly voluminous proposed complaint is found at D.I. 24.

Plaintiff also filed a "complaint for declaratory judgment and injunctive relief and emergency motion to stay agency's retaliatory collection enforcement" (D.I. 14) that raises additional claims and adds new defendants whereby Plaintiff seeks to hold United States officials and agencies accountable for their failure to afford him his constitutional rights, civil rights, 2016 union contract rights, and rights under the IRS rules and regulations for reconsideration of his audit and IRS due process notices completed before any oral hearing or collection enforcement. (*See id.* at 1)  The complaint at D.I. 14 was followed by a "complaint dated May 10, 2016 for declaratory judgment and injunctive relief and emergency motion to stay agency's retaliatory salary overpayment collection enforcement" (D.I. 17) that seeks to hold United States officials and agencies accountable for their failure to afford Plaintiff his taxpayer's bill of rights to have an impartial auditor conduct the audit notwithstanding Plaintiff's legal position that the 2012 and 2013 audit of Plaintiff's tax return is unlawful.  The complaint at D.I. 17 was followed by a complaint for declaratory judgment and

8

injunctive relief and emergency motion to stay agency's notice of opportunity to improve performance and notice of proposal to deny within-grade increase. (*See* D.I. 20)

Pursuant to Fed. R. Civ. P. 15(a), a party may amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or twenty-one days after service of a Rule 12(b) motion, whichever is earlier. Otherwise, a party may amend its pleading only with the opposing party's written consent or the court's leave. Rule 15 provides that courts should freely give leave to amend when justice so requires.

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990) (citations omitted). Amendment, however, is not automatic. *See Dover Steel Co., Inc. v. Hartford Accident and Indem.*, 151 F.R.D. 570, 574 (E.D. Pa. 1993). Leave to amend should be granted absent a showing of "undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000).

Plaintiff inappropriately seeks to amend by adding issues unrelated to the defamation claim as alleged in the original complaint and its amendment, and to add new defendants. In addition, two of the proposed amendments (D.I. 12, 24) are voluminous and fail to comply with Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Should Plaintiff wish to proceed with these claims, his remedy is to file new civil action(s).

9

Therefore, the Court will deny Plaintiff's motions to amend (D.I. 12, 14, 17, 20, 24) without prejudice to the filing of new actions (but subject to time limitations, if any, that may preclude prevailing on the merits in such actions).

## V.   SUPPLEMENTAL JURISDICTION

Because the court lacks subject matter jurisdiction, it declines to exercise jurisdiction over the supplemental state law claims raised against unserved Defendants Furnas and Brown. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

## VI.   CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss (D.I. 6); (2) deny Plaintiff's motions to amend (D.I. 12, 14, 17, 20, 24); (3) deny as moot Plaintiff's motion to compel (D.I. 19); and (4) decline to exercise jurisdiction over Plaintiff's supplemental state claims.

An appropriate Order will be entered.